UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-----------------------------------------------------------X
MICHAEL and MELISSA MCCORMACK                   :
                                                 :   No.
                   Plaintiffs,                   :
                                                 :
        vs.                                      :   **ORIGINAL COMPLAINT**
                                                 :
HARLEYSVILLE INSURANCE COMPANY OF                :
NEW JERSEY                                       :
                                                 :   **Jury Trial:  No**
                                                 :
                   Defendant.                    :
-----------------------------------------------------------X

Plaintiffs Michael and Melissa McCormack ("Plaintiffs"), by their attorneys, for their Complaint against the Defendant, Harleysville Insurance Company of New Jersey, allege the following upon information and belief:

**PARTIES**

1.      The Plaintiffs listed below are individuals that own property within this judicial district.  Their property, located at the address shown below, was insured against flood damages by the Defendant, Harleysville Insurance Company of New Jersey.

| Claimants Name | Property Street | City | State | Zip | County | Insurance Policy Number |
|---|---|---|---|---|---|---|
| Michael and Melissa McCormack | 137 E Hudson | Little Egg Harbor | NJ | 08087 | Ocean | 87047912702012 |

2.      Named as Defendant herein is Harleysville Insurance Company of New Jersey ("Defendant"), a private insurance company incorporated under the laws of the State of New Jersey, doing business in New Jersey, with its principal place of business located at 112 West Park Drive, Mt. Laurel, NJ 08054.

3. Defendant is a "Write Your Own" ("WYO") carrier participating in the National Flood Insurance Program pursuant to the National Flood Insurance Act ("NFIA"), as amended, 42 U.S.C. § 4001, et seq. Defendant issued a Standard Flood Insurance Policy (the "Policy") to Plaintiffs in its own name, as a fiscal agent of the United States. Pursuant to 44 C.F.R. Section 62.23(d) and (i)(6), Defendant was and is responsible for arranging the adjustment, settlement, payment and defense of all claims arising under the Policy.

## JURISDICTION

4. This action arises under the NFIA, Federal regulations and common law, and the flood insurance policy that Defendant procured for and issued to the Plaintiffs in its capacity as a WYO carrier under the Act. The Policy covered losses to Plaintiffs' property, which is located in this judicial district at the address described above.

5. Federal Courts have exclusive jurisdiction pursuant 42 U.S.C. § 4072 over all disputed claims under NFIA Policies, without regard to the amount in controversy, whether brought against the government or a WYO company.

6. This Court has original exclusive jurisdiction to hear this action pursuant 42 U.S.C. § 4072 because the insured property is located in this judicial district.

7. This Court also has original jurisdiction pursuant to 28 U.S.C. § 1331 because this action requires the application of federal statutes and regulations and involves substantial questions of federal law.

## VENUE

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 4072 because it is where the Plaintiffs' property is located and where a substantial part of the events at issue took place.

**FACTUAL BACKGROUND**

9. Plaintiffs purchased a Standard Flood Insurance Policy from Defendant to insure their property and contents located at the address shown above against physical damage by or from flood.

10. Plaintiffs paid all premiums when due and the Policy was in full force and effect on the date relevant to this suit.

11. On or about October 29, 2012, Superstorm Sandy (the "Storm") made landfall in the greater New York Metropolitan and New Jersey area, causing widespread devastation and severely damaging Plaintiffs' insured property.

12. As a result of the Storm, Plaintiffs suffered losses by and from flood to their insured property. Plaintiffs incurred and/or will incur significant expenses to repair and replace their flood-damaged property.

13. Plaintiffs reported the damage and properly submitted their claims to Defendant. Plaintiffs duly performed and fully complied with all of the conditions of the Policy.

14. Defendant unjustifiably failed and/or refused to perform its obligations under the Policy and wrongfully denied or unfairly limited payment on the Plaintiffs' claims.

15. Plaintiffs retained independent experts to evaluate the damages to their insured property caused by and from flood. The experts determined and found conclusive evidence that the flood event critically damaged Plaintiffs' covered property. These damages were thoroughly documented and reports were submitted to Defendant for review. Defendant has unfairly and improperly persisted in denying the claims.

## FIRST CLAIM FOR RELIEF

*Breach of Contract*

16. Plaintiffs repeat and re-allege each and every allegation set forth above in paragraphs 1 through 15 as if fully set forth herein.

17. Plaintiffs and Defendant entered into a contract when Plaintiffs purchased and Defendant issued the Policy.

18. The Policy, at all times relevant and material to this case, provided flood insurance coverage to Plaintiffs for, among other things, physical damage caused by flood to their property and contents located at the address shown above.

19. Plaintiffs fully performed under the contract by paying all premiums when due and cooperating with Defendant regarding its claims. Plaintiffs complied with all conditions precedent to their recovery herein.

20. Defendant failed to perform and materially breached the insurance contract when it wrongly failed to pay and refused to reimburse Plaintiffs what they were owed for damages the Storm caused to the covered property. Defendant also breached the contract by failing to perform other obligations it owed under the Policy.

21. By virtue of its various breaches of contract, including its failure to fully reimburse Plaintiffs for their covered losses, Defendant is liable to and owes Plaintiffs for the actual damages they sustained as a foreseeable and direct result of the breach, all costs associated with recovering, repairing and/or replacing the covered property, together with interest and all other damages Plaintiffs may prove as allowed by law.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiffs herein respectfully request that the Court enter judgment in their favor for such amounts as Plaintiffs may prove at trial, for reasonable attorneys' fees and costs, expenses, pre-judgment and post-judgment interest as provided by law, and other and further relief the Court may deem just and proper.

          Respectfully submitted,

          McCarthy & Kelly, LLP
          52 Duane Street
          New York, New York 10007
          Telephone: (212) 732-6000
          Fax: (212) 732-6323

By: _/s/ Gerald T. McCarthy_
     Gerald T. McCarthy
     Attorneys for Plaintiffs